IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XAVIER THOMPSON,

                      Plaintiff,

v.                                           OPINION AND ORDER

TIFFANY WINTER, ROD SMELTZER,                24-cv-451-wmc
BEVERLY WICKSTROM, and EAU CLAIRE
POLICE DEPARTMENT,

                      Defendants.

---

      Plaintiff Xavier Thompson, who is unrepresented and incarcerated at the Eau Claire County Jail, has filed this proposed civil action under 42 U.S.C. § 1983, alleging that the police department, the prosecutor, and two circuit court judges for Eau Claire County, Wisconsin violated his constitutional rights in connection with criminal charges brought against him for first degree intentional homicide in 2022.[1]  Because plaintiff is incarcerated and proceeding without prepayment of the full filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. §§ 1915 and 1915A.  When screening an unrepresented litigant's complaint, the court construes the complaint generously, accepting the allegations as true and holding it to a less stringent standard than

---

[1] Public court records available online show that plaintiff pled guilty to second degree reckless endangerment as a party to a crime and was sentenced to 22 months in state prison and five years extended supervision on October 16, 2024.  *See State v. Thompson*, Eau Claire County Case No. 2022CF1201.

formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, the court concludes that this case must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

ANALYSIS

Plaintiff Xavier Thompson has filed a complaint (dkt. #1) in which he alleges that defendants Eau Claire Police Department and Assistant District Attorney Tiffany Winter falsely obtained a warrant for his arrest as a party to a crime that he merely witnessed, and defendants Circuit Court Judge Beverly Wickstrom and Reserve Judge Rod Smeltzer allowed him to be imprisoned on these false charges, in violation of his rights under the Fourth Amendment and the due process clause of the Fourteenth Amendment. Plaintiff further alleges that defendants took these actions because he is Black and treated him more harshly than three White people who also witnessed the crime. However, plaintiff cannot bring claims for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in a habeas corpus proceeding. *Heck*, 512 U.S. at 486-87. Because plaintiff has not alleged, and state court records do not reveal, that he successfully obtained post-conviction relief by challenging the constitutionality of his criminal proceedings and resulting conviction, *Heck* precludes him from pursuing damages for the circumstances surrounding those proceedings, including the alleged lack of probable cause and race discrimination.

While the court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City*

2

*of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate because his allegations do not suggest that he could amend his complaint to state a claim for relief in federal court. The only federal proceeding available to obtain that form of relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (state prisoners who want to challenge their convictions or sentences must seek habeas corpus because they contest the fact or duration of custody). However, this court cannot convert this action into one for habeas corpus on its own motion, and instead must dismiss this case without prejudice. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477). If plaintiff successfully challenges his conviction through a habeas petition in the future, he may be able to pursue relief under § 1983.

ORDER

IT IS ORDERED that this case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 29th day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge